IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHARLIE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| ASSET ACCEPTANCE, LLC, ) | |
| CHRISTINE NIEMAN, and ) | |
| FULTON, FREIDMAN & GULLACE, ) | **Jury Trial Demanded** |
| LLP ) | |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Charlie Jones (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Asset Acceptance, LLC (hereinafter "Defendant Asset") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation, that maintains CT Corporation System, Ste. 2021, 800 Gay St., Knoxville, TN 37929-971 as its registered agent for service of process.

6. Defendant Christine Nieman (hereinafter "Defendant Nieman") is a natural person who is an employee and/or agent of Defendant Asset, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at his business address of 28405 Van Dyke Ave. Warren, MI 48093-7132, or his home address.

7. Defendant Fulton Friedman & Gullace, LLP ("Defendant Fulton") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), has its principal place of business located in Rochester, NY and maintains Steven F. Glaser, 125 S. Water Ave., Gallatin, TN 37066-2902 as its registered agent for service of process.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an outstanding balance on a contract for sale originally owed to, or serviced by, Dell Financial Services ("Dell").

9. After default, Plaintiff's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

10. Defendant Asset is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

11. When purchasing charged-off consumer debts, Defendant Asset makes an intentional

2

business decision not to obtain competent evidence that would allow them: (1) to determine if the consumer actually owes the debt, and (2) to correctly calculate the amount of debt owed, prior to collection of the debt.

12. One of Defendant Asset's main avenues of collecting charged-off consumer debts is the implementation of a state court litigation model in which Defendant Asset's agents sign the affidavits filed with the lawsuits.

13. Each affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2), and is not a formal pleading made in connection with a legal action.

14. The affidavits signed by the agents of Defendant Asset, under penalty of perjury, allege amounts owed that are based solely on hearsay in the form of electronic data which has been allegedly transferred from the original creditor or an assignee of the original creditor.

15. Defendant Asset does not request additional evidence from the original creditor prior to filing the collection lawsuit, and file the lawsuits, knowing that they do not possess competent evidence and do not intend to obtain it, if challenged by a consumer.

16. Although the "business records" exception to the hearsay rule has been clearly defined in Tennessee for years, the Tennessee Court of Appeals recently determined what evidence is required to prove the alleged debts under this specific hearsay exception in the context of a debt buyer case.[1]

---

[1] (1) "'[E]very link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing'", *See, Asset Funding, LLC v. Mastaw*, M2012-00990-COA-R3-CV, at p. 7 (Tenn. Ct. App. Apr. 30, 2012) (citing **Cach, LLC v. Askew**, 358 S.W.3d 58, 62 (Mo. 2012) (citing **Midwestern Health Mgmt., Inc. v. Walker**, 208 S.W.3d 295, 298 (Mo. App. 2006)), and "'the Plaintiff must demonstrate . . . that it is the valid assignee of an existing debt' and that the record was made in the regular course of business". *Mastaw* at 7, **citing, Cuda & Assoc., LLC v.**

17. The litigation model followed by Defendant Asset relies exclusively on hearsay (sometimes double and triple) and the collection lawsuits are filed: (1) after making intentional business decisions that, if challenged by a consumer, they will not obtain competent evidence of the alleged debt, including the contract on which Defendant Asset allegedly relied to file the collection lawsuit, (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) intentionally using Sworn Affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do not possess personal knowledge of the terms of the contract on which Defendant Asset allegedly relied to file the collection lawsuit and that is necessary to make a Sworn Affidavit as to the correctness of the amount owed, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers, who are intimidated by the allegations in the Sworn Affidavits because they are made in the course of litigation and under penalty of perjury; all in order to increase Defendant's respective financial bottom line (hereinafter referred to as the "litigation model").

18. Defendant Asset followed their litigation model while attempting to collect the alleged debt from Plaintiff.

19. In a large majority of the cases, debt buyers, such as Defendant Asset, obtain a default judgment and the sufficiency of the debt buyer's Sworn Affidavits is never challenged.

20. In those few instances where a consumer has the means and ability to defend the

---

*Lumpkin*, 2011 WL 6413674, at *1, 2; (Conn. Super. Ct. Nov. 29, 2011) (internal citations omitted), (2) The production of business records that "properly fit within Rule 803(6), the business records exception to the hearsay rule". *Id.* at 11, and (3) The business records must be introduced by a "witness with 'personal knowledge of the business's record-keeping methods and can explain same to the court'". *Id.* at 12, fn. 13 (*citing*, ***Beal Bank S.S.B. v. RBM Co***., 2002 WL 43604, at *2) (Tenn. Ct. App. Jan. 11, 2002) (citing ***Alexander***, 903 S.W.2d at 700)).

collection lawsuit, debt buyers, such as Defendant Asset, will dismiss the case rather than risk having their systemic fraud on the court exposed.

### *November 26, 2012 Collection Lawsuit*

21. On or about November 26, 2012, Defendants filed a Civil Summons and Sworn Affidavit against Plaintiff in state court (collectively the "collection lawsuit"). C*opy of November 26, 2012 collection lawsuit filed as Exhibit 1 to this Complaint.*

22. The Civil Summons and Sworn Affidavit were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Despite the fact that the Defendants possessed no competent evidence showing Plaintiff owed the alleged debt, and prior to making a reasonable and adequate investigation as to whether Plaintiff owed the amount they alleged, or owed the debt at all, the Defendants filed the collection lawsuit against Plaintiff knowing that, if challenged by Plaintiff, they would not attempt to obtain any competent evidence for use in a court of law to show: (1) that Plaintiff had entered into the contract on which the Defendants allegedly relied to file the collection lawsuit, or (2) how the amount claimed as owed was calculated.

24. The lawsuit filed by the Defendants sought to collect: "For Suit on a sworn account here to the court shown in the amount of $1668.94 plus court costs and service of process costs in the amount of $42.00. Under $25,000 Dollars."

25. By making business decisions that, if challenged by Plaintiff, the Defendants would not attempt to obtain any competent evidence that could be used to show in a court of law: (1) that Plaintiff had entered into the contract on which the Defendants allegedly relied to file the collection lawsuit, or (2) how the amount claimed as owed was calculated, they

5

used knowingly false, deceptive, and misleading representations or means in connection with collection of the alleged debt.

26. By using false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Civil Summons that the Defendants were entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, without personal knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit existed, The Defendants an falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and used false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

27. The collection lawsuit filed against Plaintiff was based solely on a sworn account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the Sworn Affidavit filed with the Civil Summons intended to deceive the state court and Plaintiff about the knowledge and information that Defendants had about the ownership and correct amount of the alleged debt.

28. Without the contract on which Defendant Asset allegedly relied to file the collection lawsuit, Defendant Asset may not recover attorney's fees or contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

### *Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

29. An affidavit filed in support of a Civil Summons on a sworn account in Tennessee is filed

to attest to the correctness of the amount owed. *See, Tenn. Code Ann. § 24-5-107(a).*

30. Defendant Nieman, who authored the Sworn Affidavit that was filed in support of the Civil Summons, swore under oath in the Affidavit that the following statements are true and correct:

    (1) She is an employee of Defendant Asset.

    (2) "To the best of my personal knowledge and belief and upon review of records in my possession, [Plaintiff] established an account with Dell.

    (3) "[Defendant Asset] purchased said account for value and is now the owner of said account."

    (4) "That as a result of [Plaintiff's] default, the [Plaintiff] named herein is/are justly indebted to the [Defendant] in the amount of $1668.94.

    (5) "That I make this affidavit in support of [Defendant Asset's] application for a default judgment . . ."

    *Exh. 1, p.3.*

31. Prior to signing the Affidavit, Defendant Nieman did not review records of the originator of the debt to determine if the contract on which Defendant Asset allegedly relied to file the collection lawsuit existed and, if so, whether the amount Plaintiff allegedly owed was correct, and did not review records of the alleged assignment of the alleged debt from Dell or an assignee of Dell to Defendant Asset, because Defendant Asset followed their litigation model and did not obtain records of the originator of the debt that would have allowed Defendant Nieman to do so.

32. Without records of the originator of the debt available for Defendant Nieman to review prior to signing the Sworn Affidavit, and without Defendant Nieman being able to

correctly calculate the amount owed by Plaintiff based on the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, as required by Tennessee state law for a sworn account, it was not possible for Defendant Nieman to have the personal knowledge required to truthfully make a Sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff.

33. By stating in her Sworn Affidavit that: (1) the alleged debt is due from Plaintiff to Defendant Asset, (2) and the amount due on said account is $1668.94, without reviewing records of the originator of the debt or of the alleged assignment of the alleged debt to Defendant Asset, Defendant Nieman falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), communicated a threat to take any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5), communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), all of which was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, including, but not limited to and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

34. Form affidavits, such as the one filed in the lawsuit against Plaintiff, are generated automatically by a computer owned by Defendant Asset or its agents upon request and

routinely provided to Defendant Nieman and other agents of Defendant Asset who engage in robo-signing hundreds, if not thousands, of affidavits each day without the personal knowledge required to make a Sworn Affidavit as to the correctness of the amount owed, within the requirements of Tennessee state law.

35. The intentional use by Defendants of the form affidavit in Plaintiff's collection lawsuit, which contains representations that are obviously false, deceptive, and misleading, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

36. Defendant Asset filed the collection lawsuit against Plaintiff in an attempt to collect the debt knowingly using Defendant Nieman's Sworn Affidavit as the only evidentiary basis to support their claims.

37. Defendant Nieman's demands in the Sworn Affidavit for the amount of $1668.94, without personal knowledge of the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, or what language it included regarding interest and fees, were false, deceptive and misleading misrepresentations made without the personal knowledge required to make a Sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by Tennessee law, and falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect

9

or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

38. By filing the collection lawsuit against Plaintiff with the use of their litigation model: Defendants violated 15 U.S.C. § 1692e(5) by threatening to collect the alleged debt with use of a knowingly false, deceptive, and misleading affidavit, and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is the use of false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Asset had the legal right to attempt to collect the debt with the use of a knowingly false, deceptive, and misleading Sworn Affidavit, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

39. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing a Sworn Affidavit that included the knowingly false, deceptive, and misleading statements, including the amount owed of $1668.94, Defendant Asset and its agents communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

*Summary*

40. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

*Respondeat Superior Liability*

41. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant Nieman as an agent of Defendant Asset and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of her agency relationship with her principal, Defendant Asset.

42. By committing these acts and omissions against Plaintiff, Defendant Nieman was motivated to benefit his principal, Defendant Asset.

43. Defendant Asset is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Asset including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

45. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

46. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

47. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

7/8/13                          Respectfully submitted,

**CHARLIE JONES**

/s/   Brent S. Snyder
Brent S. Snyder, Esq., BPR # 21700
Attorney for Plaintiff
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com